In re ALUMCO INDUSTRIES CO., Debtor.

John J. HUNTER, Trustee, Plaintiff,

v.

Irma PENNEYS, et al., Defendants.

Bankruptcy No. 80–0543.

(Related Case: 80–00198).

United States Bankruptcy Court, N. D. Ohio, W. D.

Sept. 17, 1982.

Thomas J. Schank, for trustee.

Harald F. Craig and Charles K. Boxell, Toledo, Ohio, for Arthur Tuchinsky, et al.

Richard E. Antonini, Toledo, Ohio, for Maywood Mfg. Co., Inc., et al.

John K. Nelson, Toledo, Ohio, for Irma Penneys, et al.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Motions to Dismiss for Lack of Jurisdiction filed by the Defendants; the Motion of Plaintiff Opposing the Motions to Dismiss; and the Motion of Plaintiff to Advance Trial Date.

The Defendants propose that the holding of the Supreme Court in the case of *Northern Pipeline Construction Co. v. Marathon Pipeline Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), clearly divests the Bankruptcy Court of the necessary jurisdiction required to proceed with the case at bar. Specifically, they allege that because the *Northern Pipeline* case declared unconstitutional the Bankruptcy Court's exercise of plenary jurisdiction, as established by Section 241(a) of the Bankruptcy Act of 1978, this Court forfeits its subject matter jurisdiction over the immediate action.

The Plaintiff opposes the Motions for several reasons. Plaintiff argues that at the outset, the Defendants' Motions are premature because the implementation date of the *Northern Pipeline* Order is not until October 4, 1982; until that time this Court retains subject matter jurisdiction. Furthermore, the Plaintiff argues that the Court should retain jurisdiction of this case because it was informally consolidated with other cases which the Court will maintain jurisdiction over after the October 4, 1982 deadline. Since all of these cases require introduction of virtually the same evidence, Plaintiff argues that in the interests of efficiency, expediency, and expense, this Court should deny the Motions to Dismiss.

Upon reviewing the memoranda filed and the oral arguments of the parties, the Court finds the following: The Complaint which initiated this action was filed pursuant to the Ohio Fraudulent Conveyances Act, specifically Ohio Revised Code Sections 1336.-04, 1336.05, 1336.06, and 1336.07; and common law fraud.

The Supreme Court, in holding the Bankruptcy Court's jurisdiction unconstitutional, stated in pertinent part the following:

"We hold that the Bankruptcy Act of 1978 carries the possibility of such an unwarranted encroachment. Many of the rights subject to adjudication by the Act's bankruptcy courts like the rights implicated in Raddatz, are not of Congress' creation. Indeed, the case before us, which centers upon appellant Northern's claim for damages for breach of contract and misrepresentation, involves a right created by state law, a right independent of and antecedent to the reorganization petition that conferred jurisdiction upon the bankruptcy court. Accordingly, Congress' authority to control the manner in which that right is adjudicated, through assignment of historically judicial functions to a non-Art. III "adjunct," plainly must be deemed at a minimum. Yet it is equally plain that Congress has vested the "adjunct" bankruptcy judges with powers over appellant's state-created right that far exceed the powers that it has vested in administrative agencies that adjudicate only rights of Congress' own creation." *Northern Pipeline,* supra, at ——, 102 S.Ct. at 2878.

It appears clear that the case *sub judice* is one which was contemplated by the Supreme Court's decision. It is highly improbable that this complex case could be tried and decided prior to October 4, 1982. Although this particular federal court will not have the subject matter jurisdiction to continue the case, the case could be tried and resolved in the District Court for the Northern District of Ohio, Western Division pursuant to its jurisdictional grant in 28 U.S.C. Section 1332. Rather than dismiss

**160**

this case under Federal Civil Rule 12(h)(3), and to afford the parties an opportunity to have this case tried before an Article III Court as required by the *Northern Pipeline* case, this Court believes that it would be in the best interests of the Creditors and the Debtor to more appropriately transfer this case to the District Court for the Northern District of Ohio, Western Division.

It is therefore ORDERED, ADJUDGED and DECREED, that the Defendants' Motions be DENIED, and that this case be transferred pursuant to this Order.

It is FURTHER ORDERED that the Motion of Plaintiff to Advance Trial Date is hereby DENIED.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.